**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**JMR SERVICES, LLC,**

  **Plaintiff,**

v.                         **No. 20-cv-0451 SMV/CG**

**RAM ENERGY, LLC,**

  **Defendant.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on review of the Complaint [Doc. 1], filed by Plaintiff on May 12, 2020. The Court has a duty to determine sua sponte whether subject-matter jurisdiction exists. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). The Court, having considered the Complaint, the applicable law, and being otherwise fully advised in the premises, concludes that the Complaint fails to allege the necessary facts of citizenship in order to sustain diversity jurisdiction. Therefore, the Court will order Plaintiff to file an amended complaint no later than **June 15, 2020**, if the necessary jurisdictional allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.

### BACKGROUND

On May 12, 2020, Plaintiff filed its Complaint. [Doc. 1]. Plaintiff invokes diversity jurisdiction, asserting that the parties are of diverse citizenship and that the amount in controversy exceeds $75,000. *Id.* at 1. As to diversity of citizenship, Plaintiff alleges that it "is a New Mexico limited liability company with its principal place of business at . . . Midland, Texas," and that

"Defendant Ram is an Oklahoma limited liability company with its princip[al] place of business at . . . Tulsa, Oklahoma." *Id.* Plaintiff makes no allegation about the citizenship of any of its members or the citizenship of Defendant's members. *See* [Doc. 1].

## LEGAL STANDARDS

A plaintiff is required to assert the basis of subject-matter jurisdiction in its complaint. Fed. R. Civ. P. 8. Additionally, the district court must be satisfied that, indeed, it has subject-matter jurisdiction. *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270–71 (10th Cir. 1998). Subject-matter jurisdiction cannot be waived and thus may be raised by the parties or sua sponte at any time. *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

District courts have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. § 1332(a) (2018). Jurisdiction under § 1332 requires diversity of *citizenship*. The party asserting jurisdiction must plead citizenship distinctly and affirmatively; allegations of residence are not enough. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). Domicile, the equivalent of state citizenship, requires more than mere residence; domicile exists only when residence is coupled with an intention to remain in the state indefinitely. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).

Determining the citizenship of a limited liability company is different from determining the citizenship of a corporation under § 1332. A corporation is deemed to be a citizen of the State in which it is incorporated *and* in which it maintains its principal place of business. *See* § 1332(c).

Limited liability companies, however, are treated as partnerships for citizenship purposes and are therefore citizens of each and every State in which any member is a citizen. *Siloam Springs Hotel*, 781 F.3d at 1234.

## DISCUSSION

Here, the facts set forth in the Complaint do not sufficiently establish the citizenship of either party because they fail to allege the citizenship of each and every one of the members of each LLC.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff amend its Complaint to properly allege diversity of citizenship, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than **June 15, 2020**.

**IT IS FURTHER ORDERED** that if such an amended complaint is not filed by **June 15, 2020**, the Court may dismiss this action without prejudice.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**

3